TRACY L. WILKISON
Acting United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, Criminal Division
KHALDOUN SHOBAKI (Cal. Bar No. 232864)
Assistant United States Attorney
Deputy Chief, Cyber & I.P. Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0759
    Facsimile: (213) 894-2927
    E-mail:    khaldoun.shobaki@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:21-CR-00203-ODW |
|---|---|
| Plaintiff, | [PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION AND PRIVACY ACT INFORMATION |
| v. | |
| ABDULRAHMAN IMRAAN JUMA,<br>  aka "Abdul,"<br>  aka "Rahman,"<br>KELLY CHIBUZO VINCENT,<br>  aka "Vincent Kelly<br>    Chibuzo,"<br>ABBA ALHAJI KYARI,<br>RUKAYAT MOTUNRAYA FASHOLA,<br>  aka "Morayo,"<br>BOLATITO TAWAKALITU<br>   AGBABIAKA,<br>  aka "Bolamide,"<br>YUSUF ADEKINKA ANIFOWOSHE,<br>  aka "AJ,"<br>  aka "Alvin Johnson," | |
| Defendants. | |

     The Court has read and considered the parties' Stipulation for

a Protective Order Regarding Discovery Containing Personal

Identifying Information and Privacy Act Information filed by the

1    government and defendants Rukuyat Motunraya Fashola, Bolatito

2    Tawakalitu Agbabiaka, and Yusuf Adekinka Anifowoshe ("defendants")

3    in this matter on September 23, 2021, which this Court incorporates

4    by reference into this order, and FOR GOOD CAUSE SHOWN the Court

5    hereby FINDS AND ORDERS as follows:

6         1.    The government's discovery in this case relates to

7    defendants' alleged crimes, that is, violations of 18 U.S.C. § 1349

8    (Conspiracy to Commit Wire Fraud); § 1956(h) (Conspiracy to Engage

9    in Money Laundering); and § 1028A(a)(1) (Aggravated Identity Theft).

10        2.    A protective order for the discovery is also necessary so

11   that the government can produce to the defense materials containing

12   third parties' PII.  The Court finds that disclosure of this

13   information without limitation risks the privacy and security of the

14   information's legitimate owners.  Because the government has an

15   ongoing obligation to protect third parties' PII, the government

16   cannot produce to defendant an unredacted set of discovery

17   containing this information without this Court entering the

18   Protective Order.  Moreover, PII in many instances, has evidentiary

19   value.  If the government were to attempt to redact all this

20   information in strict compliance with Federal Rule of Criminal

21   Procedure 49.1, the Central District of California's Local Rules

22   regarding redaction, and the Privacy Policy of the United States

23   Judicial Conference, the defense would receive a set of discovery

24   that would be highly confusing and difficult to understand, and it

25   would be challenging for defense counsel to adequately evaluate the

26   case, provide advice to defendant, or prepare for trial.

27        3.    An order is also necessary because the government intends

28   to produce to the defense materials that may contain information

1   within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act

2   Information").   The Court finds that, to the extent that these

3   materials contain Privacy Act information, disclosure is authorized

4   pursuant to 5 U.S.C. § 552a(b)(11).

5        4.   The purpose of this Protective Order is therefore to

6   (a) allow the government to comply with its discovery obligations

7   while protecting this sensitive information from unauthorized

8   dissemination, and (b) provide the defense with sufficient

9   information to adequately represent defendant.

10        5.   Accordingly, the discovery that the government will

11   provide to defense counsel in the above-captioned case will be

12   subject to this Protective Order, as follows:

13           a.   As used herein, "PII Materials" includes any

14   information that can be used to identify a person, including a name,

15   address, date of birth, Social Security number, driver's license

16   number, telephone number, account number, email address, or personal

17   identification number.

18           b.   "Confidential Information" refers to any document or

19   information containing PII Materials, or Privacy Act Information

20   that the government produces to the defense pursuant to this

21   Protective Order and any copies thereof.

22           c.   "Defense Team" for each defendant includes

23   (1) defendant's counsel of record ("defense counsel"); (2) other

24   attorneys at defense counsel's law firm who may be consulted

25   regarding case strategy in this case; (3) defense investigators who

26   are assisting defense counsel with this case; (4) retained experts

27   or potential experts; and (5) paralegals, legal assistants, and

28   other support staff to defense counsel who are providing assistance

1  on this case.   The Defense Team does not include defendant,

2  defendant's family members, or any other associates of defendant.

3          d.    The government is authorized to provide defense

4  counsel with Confidential Information marked with the following

5  legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE

6  ORDER."  The government may put that legend on the digital medium

7  (such as DVD or hard drive) or simply label a digital folder on the

8  digital medium to cover the content of that digital folder.   The

9  government may also redact any PII contained in the production of

10 Confidential Information.

11         e.    If defendant objects to a designation that material

12 contains Confidential Information, the parties shall meet and

13 confer.  If the parties cannot reach an agreement regarding

14 defendant's objection, defendant may apply to this Court to have the

15 designation removed.

16         f.    Defendant and the Defense Team shall use the

17 Confidential Information solely to prepare for any pretrial motions,

18 plea negotiations, trial, and sentencing hearing in this case, as

19 well as any appellate and post-conviction proceedings.

20         g.    The Defense Team shall not permit anyone other than

21 the Defense Team to have possession of Confidential Information,

22 including defendant, while outside the presence of the Defense Team.

23         h.    Defendant may review PII Materials only in the

24 presence of a member of the Defense Team, who shall ensure that

25 defendant is never left alone with any PII Materials.  At the

26 conclusion of any meeting with defendant at which defendant is

27 permitted to view PII Materials, defendant must return any PII

28 Materials to the Defense Team, and the member of the Defense Team

1  present shall take all such materials with him or her.  Defendant
2  may not take any PII Material out of the room in which defendant is
3  meeting with the Defense Team.

4          i.    Defendant may see and review Confidential Information
5  as permitted by this Protective Order, but defendant may not copy,
6  keep, maintain, or otherwise possess any Confidential Information in
7  this case at any time.  Defendant also may not write down or
8  memorialize any data or information contained in the Confidential
9  Information.

10         j.    The Defense Team may review Confidential Information
11 with a witness or potential witness in this case, including
12 defendant.  A member of the Defense Team must be present if PII
13 Materials are being shown to a witness or potential witness.  Before
14 being shown any portion of Confidential Information, however, any
15 witness or potential witness must be informed of the requirements of
16 the Protective Order.  No member of the Defense Team shall permit a
17 witness or potential witness to retain Confidential Information or
18 any notes generated from Confidential Information.

19         k.    The Defense Team shall maintain Confidential
20 Information safely and securely, and shall exercise reasonable care
21 in ensuring the confidentiality of those materials by (1) not
22 permitting anyone other than members of the Defense Team, defendant,
23 witnesses, and potential witnesses, as restricted above, to see
24 Confidential Information; (2) not divulging to anyone other than
25 members of the Defense Team, defendant, witnesses, and potential
26 witnesses, the contents of Confidential Information; and (3) not
27 permitting Confidential Information to be outside the Defense Team's
28 offices, homes, vehicles, or personal presence.

1          l.    To the extent that defendant, the Defense Team,

2    witnesses, or potential witnesses create notes that contain, in

3    whole or in part, Confidential Information, or to the extent that

4    copies are made for authorized use by members of the Defense Team,

5    such notes, copies, or reproductions become Confidential Information

6    subject to the Protective Order and must be handled in accordance

7    with the terms of the Protective Order.

8          m.    The Defense Team shall use Confidential Information

9    only for the litigation of this matter and for no other purpose.

10   Litigation of this matter includes any appeal filed by defendant and

11   any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the

12   event that a party needs to file Confidential Information with the

13   Court or divulge the contents of Confidential Information in court

14   filings, the filing should be made under seal.  If the Court rejects

15   the request to file such information under seal, the party seeking

16   to file such information publicly shall provide advance written

17   notice to the other party to afford such party an opportunity to

18   object or otherwise respond to such intention.  If the other party

19   does not object to the proposed filing, the party seeking to file

20   such information shall redact any PII Materials and make all

21   reasonable attempts to limit the divulging of PII Materials.

22         n.    Any Confidential Information inadvertently produced

23   in the course of discovery prior to entry of the Protective Order

24   shall be subject to the terms of this Protective Order.  If

25   Confidential Information was inadvertently produced prior to entry

26   of the Protective Order without being marked "CONFIDENTIAL

27   INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government

28   shall reproduce the material with the correct designation and notify

1  defense counsel of the error.  The Defense Team shall take immediate

2  steps to destroy the unmarked material, including any copies.

3        o.   Confidential Information shall not be used by any

4  member of the defense team, in any way, in any other matter, absent

5  an order by this Court.  All materials designated subject to the

6  Protective Order maintained in the Defense Team's files shall remain

7  subject to the Protective Order unless and until such order is

8  modified by this Court.  Within 30 days of the conclusion of

9  appellate and post-conviction proceedings, defense counsel shall

10 return all PII Materials or certify that such materials have been

11 destroyed or certify that such materials are being kept pursuant to

12 the California Business and Professions Code and the California

13 Rules of Professional Conduct.

14        p.   In the event that there is a substitution of counsel

15 prior to when such documents must be returned, new defense counsel

16 must be informed of, and agree in writing to be bound by, the

17 requirements of the Protective Order before defense counsel

18 transfers any Confidential Information to the new defense counsel.

19 New defense counsel's written agreement to be bound by the terms of

20 the Protective Order must be returned to the Assistant U.S. Attorney

21 assigned to the case.  New defense counsel then will become the

22 Defense Team's custodian of materials designated subject to the

23 Protective Order and shall then become responsible, upon the

24 conclusion of appellate and post-conviction proceedings,

25 for returning to the government, certifying the destruction of, or

26 retaining pursuant to the California Business and Professions Code

27 and the California Rules of Professional Conduct all PII Materials.

28

1          q.   Defense counsel shall advise defendant and all

2    members of the Defense Team of their obligations under the

3    Protective Order and ensure their agreement to follow the Protective

4    Order, prior to providing defendant and members of the Defense Team

5    with access to any materials subject to the Protective Order.

6         IT IS SO ORDERED.

7

8    _____          _____
     DATE                             HONORABLE OTIS D. WRIGHT II
                                      UNITED STATES DISTRICT JUDGE
9

10   Presented by:

11       *KHHOBAKI*

12   _____
     KHALDOUN SHOBAKI
     Assistant United States Attorney
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                  8